IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MONIQUE HILL WHITE, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) Civil Action No. 1:24-cv-324 (RDA/LRV) |
| | ) |
| TRANS UNION LLC, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Capital One Bank, USA's ("Defendant Capital One") Motion to Dismiss (Dkt. 12) and Defendant Trans Union LLC's ("Defendant Trans Union") Motion for Judgment on the Pleadings (Dkt. 24). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). These matters have been fully briefed and are now ripe for disposition. Considering the Motions together with Defendants' Memoranda in Support (Dkts. 13; 24); Plaintiffs' Oppositions (Dkts. 18; 31); and Defendants' Replies (Dkts. 23, 32), this Court GRANTS the Motions (Dkts. 12; 24) for the reasons that follow.

### I. BACKGROUND

#### A. Factual Background[1]

Plaintiffs Monique Hill White and Kenneth White, *pro se*, bring a three-count Complaint against Defendants Trans Union and Capital One (collectively, the "Defendants"), for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.§ 1681. Dkt. 1 ¶ 1. Plaintiffs broadly allege

---

[1] For purposes of considering Defendants' Motions, the Court accepts all facts contained within Plaintiffs' Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

that Defendants failed to properly investigate and handle fraudulent charges on Plaintiffs' accounts, which eventually affected Plaintiffs' credit score. *Id.* ¶ 9.

In their Complaint, Plaintiffs allege that, on or about March 1, 2023, they contacted Defendants Capital One and Trans Union about fraudulent charges on their Capital One account. *Id.* ¶ 1. Plaintiffs "maintain[] that these charges were not made by [P]laintiffs." *Id.* After Plaintiffs lodged the dispute, on or about March 20, 2023, Defendants found insufficient evidence of fraud and reinstated the charges to Plaintiffs' account. *Id.* ¶ 3. Plaintiffs assert that Defendant Capital One reported inaccurate information to Defendant Trans Union by representing that Plaintiffs owed the disputed amount of $6,712.00. *Id.* ¶ 4.

Plaintiffs also claim that Defendant Capital One "breached the user agreement contract by holding [P]laintiffs liable for charges not made by [P]laintiffs." *Id.* ¶ 5. Plaintiffs then assert that Defendants reported inaccurate information on their credit report in violation of the Fair Credit Reporting Act, that the reporting of the inaccurate charged "hindere[ed] [] Plaintiffs['] ability to secure credit," and "has cause[d] a severe drop in [Plaintiffs'] credit score." *Id.* ¶¶ 6-9. Further, "[d]ue to the failure of [Defendant] Capital One [] to remove [the disputed] charges . . . [Plaintiffs] are [sic] paying principal and interest on these disputed charges since March of 2023." *Id.* ¶ 8.

Asserting claims of defamation, breach of contract, and violations of FCRA, Plaintiffs seek declaratory and injunctive relief, *inter alia*, damages of $100,000 per Defendant and ask that Plaintiffs' accounts with Capital One LLC be terminated and paid in full by Defendant(s). *Id.* at 9-11. [2]

---

[2] Docket Entry page citations utilize the CM/ECF header's pagination, not any original pagination.

B.  Procedural Background

Plaintiffs filed their Complaint on February 29, 2024.  Dkt. 1 at 1.  On March 28, 2024, Defendant Trans Union filed its answer to the complaint.  Dkt. 8.  On April 12, 2024, in lieu of an answer, Defendant Capital One filed a motion to dismiss Plaintiffs' Complaint with a *Roseboro* notice under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  *See* Dkts. 12-14.  On April 29, 2024, Plaintiffs filed their opposition to that motion.  Dkt. 18.  On May 6, 2024, Defendant Capital One filed its reply to Plaintiffs' opposition to the motion to dismiss.  Dkt. 23.

On May 10, 2024, Defendant Trans Union filed a motion for judgment on the pleadings with a *Roseboro* notice.  Dkt. 24.  On May 23, 2024, Plaintiffs filed their response in opposition and one week later, Defendant Trans Union filed its reply brief.  Dkts. 30; 31. [3]

## II.  STANDARD OF REVIEW

A.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of a complaint," but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  Accordingly, in reviewing a motion to dismiss, the Court must "accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff."  *Coleman v. Maryland Ct. of App.*, 626 F.3d 187,

---

[3] The Court notes that in compliance with Local Rule 7(K), both Defendants provided Plaintiffs with the notice required pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See* Dkt. 14.  A recent 4th Circuit decision, *Milla v. Brown*, 109 F.4th 222 (4th Cir. 2024), has cast doubt on whether Local Rule 7(K) satisfies *Roseboro*, and a revised Rule 7(K) has been adopted accordingly.  This Court notes that Plaintiffs responded to both pending Motions as set forth in the respective *Roseboro* notices, *see* Dkts. 18, 28, and therefore the Court does not view the *Milla* decision as an impediment to this Court issuing this Order.  *See, e.g.*, *Petros v. Sanitation Dep't*, 993 F.2d 1538, 1993 WL 174158, at *1 n.* (4th Cir. May 25, 1993) (noting that the failure to issue a *Roseboro* notice was harmless where the plaintiff responded to the motion); *Brooks v. Mahon*, 33 F.3d 51, 1994 WL 416403, at *1 n.* (4th Cir. Aug. 10, 1994) (noting that the failure to issue a *Roseboro* notice was harmless because "Appellant actually responded").

3

189 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of App. of Md.*, 566 U.S. 30 (2012). The Court must also "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks and citation omitted).

To avoid Rule 12(b)(6) dismissal, a complaint must contain sufficient factual allegations "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To qualify as plausible, a claim needs sufficient factual content to support a reasonable inference of the defendant's liability for the alleged misconduct. *See id.*; *Twombly*, 550 U.S. at 556. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). The factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "At bottom, determining whether a complaint states . . . a plausible claim for relief . . . will 'be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).[4]

---

[4] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing *pro se* complaint); *accord Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual

B.  Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings."  The standard of review for Rule 12(c) motions is the same as the "plausibility standard" governing Rule 12(b)(6) motions.  *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014); *Travelers Indem. Co. of Conn. v. Lessard Design, Inc.*, 321 F. Supp. 3d 631, 635 (E.D. Va. 2018).  A motion for judgment on the pleadings challenges a claim's sufficiency, but "it does not resolve disputes over factual issues, the merits of a claim, or the applicability of a defense."  *SunTrust Mortg., Inc. v. Simmons First Nat'l Bank*, 861 F. Supp. 2d 733, 735 (E.D. Va. 2012) (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  Thus, "judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief." *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000).

III.  ANALYSIS

Defendants advance nearly identical arguments in their respective Motions.  The Court will therefore address them together, count by count.

A.  Defamation

Plaintiffs' claim of defamation brought against Defendants for Defendant Capital One "reporting inaccurate information to Trans Union by reporting an inaccurate amount owed by [P]laintiffs."  Dkt. 1 ¶ 4.  This claim will be dismissed as it is preempted by FCRA.[5]

FCRA contains two preemption provisions, Section 1681t(b) and Section 1681h(e).

---

matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting *Erickson*, 551 U.S. at 94; then *Iqbal*, 556 U.S. at 679)).

[5]  In the alternative, Plaintiffs' allegations of defamation are conclusory and fail to meet the standard set forth in *Iqbal* and *Twombly*, which provides an additional basis on which to dismiss Plaintiffs' defamation claim.

5

Section 1681t(b) states "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681i of this title, relating to the time by which a consumer reporting agency must take any action, including the provision of notification to a consumer or other person, in any procedure related to the disputed accuracy of information in a consumer's file . . . ." *See* 15 U.S.C. § 1681t(b)(l)(B). In this case, Plaintiffs' claim for defamation due to the alleged inaccurate reporting of credit information by Defendant Capital One is subject matter regulated by FCRA as it pertains to actions taken by a consumer reporting agency related to the disputed accuracy of information in Plaintiffs' file. And while the Fourth Circuit has not yet addressed whether Section 1681t(b) preemption applies to common law or state statutory claims, several other circuits have uniformly held that Section 1681t(b) preempts state law defamation claims relating to a consumer reporting agency's reporting to a credit bureau – the exact situation at hand here. *See McKenna v. Dillon Transportation, LLC*, 2024 WL 1403308, at *4 (6th Cir. Apr. 2, 2024); *Aleshire v. Harris, NA.*, 586 F. App'x 668, 671 (7th Cir. 2013); *Macpherson v. JPMorgan Chase Bank, NA.*, 665 F.3d 45, 48 (2d Cir. 2011); *Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 106-07 (2d Cir. 2009) (finding that "[t]he phrase [n]o requirement or prohibition [under Section 1681t(b)] sweeps broadly and suggests no distinction between positive enactments and common law; to the contrary, those words easily encompass obligations that take the form of common law rules") (internal quotation marks and citations omitted). Accordingly, Plaintiffs' defamation claim is preempted by FCRA Section 1681t(b).

Further, FCRA's second preemption provision also applies here. Section 1681h(e) states, "no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against any . . . person who furnishes information to a consumer

6

reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). To avoid preemption under Section 1681h(e), Plaintiffs must "plead sufficient facts that, if proven, create a plausible inference" that Capital One had "'knowledge that it[s statement] was false' or act[ed] with 'reckless disregard of whether it was false or not.'" *Gilmore v. Jones*, 370 F. Supp. 3d 630, 671 (W.D. Va. 2019) (defining malice pleading standard under Virginia law); *see also Ross v. F.D.I.C.*, 625 F.3d 808, 815 (4th Cir. 2010) (noting that "courts look to whether the statement in question was made with knowledge that it was false or with reckless disregard of whether it was false or not" (internal quotation marks omitted)).

In this case, Plaintiffs have not pleaded any factual matter that would establish even a plausible inference of malice or willful intent of Defendant Capital One in furnishing their credit report information. *See* Docket Entry 1 at 1-12. In their Complaint, Plaintiffs merely challenge Capital One's finding following their dispute that there was insufficient evidence of fraud, and argue that the charges are invalid. *Id.* ¶¶ 1-4. Accordingly, because Plaintiffs failed to plead malice or willful intent, Plaintiffs' defamation claim is preempted by Section 1681h(e). *See also Beattie v. Nations Credit Fin. Servs. Corp.*, 65 F. App'x 893, 898 (4th Cir.), *on reh'g*, 69 F. App'x 585 (4th Cir. 2003) ("NationsCredit did not report the alleged foreclosure 'with malice' because, as we have noted, such a report was, at least in NationsCredit's view, accurate."); *Englert v. Nationstar Mortg., Inc.*, 2015 WL 9275662, at *5 (E.D. Va. Dec. 18, 2015) ("If a defendant makes a statement believing that it is true, the defendant does not act with malice."); *Schmidt v. Fair Collection & Outsourcing, Inc.*, 2018 WL 445434, at *2 (E.D. Va. Jan. 12, 2018) (dismissing defamation, libel, and slander claims as preempted by FCRA).

In sum, both preemption statutes within FCRA apply to Plaintiffs' defamation claim

7

against Defendant Capital One, and thus Plaintiffs' defamation claims will be dismissed.[6]

### B.  Breach of Contract

Next, Plaintiffs assert a breach of contract claim against Capital One.[7]  However, Plaintiffs fail to state a plausible claim for relief on this claim.

"Generally, where a cause of action arises in contract in Virginia, the law of the place where the contract is made governs questions regarding the nature, validity, and interpretation of [the] contract." *Baudean v. Pearson Educ., Inc.*, 2015 WL 3651199, at *5 (E.D. Va. June 11, 2015).  In this case, neither Plaintiffs nor Defendants have provided specific facts as to where the alleged contract was made, so given that Plaintiffs are residents of the state of Virginia, the Court assumes the alleged contract is governed by the laws of Virginia.  *See* Dkt. 1 at 2 (providing Plaintiff Monique White's address in Alexandria, Virginia).  Accordingly, to state a claim for breach of contract, Plaintiffs must plead: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *NAC Consulting, LLC v. 3Advance, LLC*, 650 F. Supp. 3d 441, 447 (E.D. Va. 2023).

In this case, Plaintiffs' fail to establish these elements of a breach of contract.  Specifically, Plaintiffs "maintain that [D]efendant Capitol One [sic] breached the user agreement contract by

---

[6] From Plaintiffs' Complaint it is unclear if Plaintiffs intended to state a claim for defamation against Defendant TransUnion.  Given FCRA's express preemption provisions, any such claim for defamation against Defendant TransUnion would also be preempted and is therefore also dismissed.

[7] Similar to Plaintiffs' failed defamation claim, the Complaint leaves it unclear whether Plaintiffs mean to allege their breach of contract claim against Defendant TransUnion.  Any such claim because Plaintiffs have not alleged any contract between themselves and Defendant Transunion; the only contract mentioned in the Complaint is the user agreement with Defendant Capital One.  Nevertheless, even assuming that Defendant Transunion was somehow a party to that agreement, Plaintiffs fail to state a claim for relief for breach of contract in this case, so the claim will be dismissed against both Defendants.

holding [Plaintiffs] liable for charges not made by [Plaintiffs]." Dkt. 1 ¶ 5. Plaintiffs provide no additional detail or factual matter regarding their breach of contract claim. *See* Dkt. 1 ¶ 1-14. Plaintiff's not only make a conclusory assertion of a breach of a "user agreement contract," but also fail to provide said contract, and further fail to they identity which provision of the alleged contract was breached or what obligation Defendants breached in said contract. *See Iqbal*, 556 U.S. at 678 (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Plaintiffs fail to allege a legally enforceable obligation that Defendants maintained to Plaintiffs and further fail to provide sufficient facts to establish that Defendants plausibly violated or breached any such obligation. *See E. Claiborne Robins Co., Inc. v .Teva Pharma. Indus. Ltd.*, 2019 WL 4482545, at *4 (E.D. Va. Sept. 18, 2019) ("Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." (internal citations omitted)) Thus, Plaintiffs' breach of contract claim will be dismissed.

### C. Violation of the Fair Credit Reporting Act

Plaintiffs' final claim against Defendants alleges a violation of the FCRA. Dkt. 1 ¶ 11. However, Plaintiffs' FCRA claim fails as a matter of law as they do not plausibly state a claim for relief under the FCRA.

Plaintiffs do not identify a specific provision of the FCRA that Defendants violated. Plaintiffs contend that Defendants violated FCRA by finding "insufficient evidence of fraud [on Plaintiffs' account] and reinstat[ing] the charges that [we]re in dispute," Dkt. 1 ¶ 3, Defendants "report[ed] inaccurate information," *id.* ¶ 4, and that reporting "hinder[ed] [Plaintiffs'] ability to secure credit, *id.* ¶ 7. The failure to identify a specific subsection of the statute alone could provide a basis on which to dismiss the Complaint. *See Botti v. Trans Union LLC*, 2012 WL 1595109, at

\*3 (N.D. Cal. May 4, 2012) ("Because the complaint does not identify a specific provision of the FCRA that Defendant violated . . . , Plaintiff has failed to state a cognizable claim under the FCRA."). Though it is not this Court's responsibility to find arguments for Plaintiffs, as Plaintiffs are proceeding *pro se*, this Court will assume various potentially implicated statutes within FCRA that best apply to Plaintiffs situation.

To begin, Plaintiffs' allegation that Defendants violated FCRA by "reporting inaccurate information" *id.* ¶ 4, appears to suggest a violation of Section 1681s-2(a) of FCRA which governs the accuracy of information provided by a furnisher, such as Defendant Capital One, to a consumer reporting agency, such as Defendant Trans Union. *See* 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."). However, "FCRA explicitly bars private suits for violations of § 1681s-2(a)." *Saunders v. Branch Banking and Tr. Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008). Thus, this provision cannot support Plaintiffs' FCRA claim.

Next, the Court reviews Section 1681s-2(b). To state a claim under Section 1681s-2(b), Plaintiffs must allege "(1) that [they] notified a consumer reporting agency that [they] disputed the accuracy of information in [their] consumer report; (2) that the consumer reporting agency notified [the furnisher] of [Plaintiffs'] dispute; and (3) that [the furnisher] failed to adequately investigate after receiving the notice from the consumer reporting agency." *Rossman v. Lazarus*, 2008 WL 8958318, \*4 (E.D. Va. Oct. 7, 2008). Plaintiffs state that they notified Defendants regarding fraudulent charges on their account. Dkt. 1 ¶ 1. Here, Plaintiffs have failed to allege facts sufficient to satisfy the second and third elements of the claim. Plaintiffs have not alleged that Defendant TransUnion notified Defendant Capital One of the dispute, so as to trigger the duty to

10

investigate. *See Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 933 (E.D. Va. 2012) ("The creditor's receipt of a notice from a credit reporting agency is the event that triggers Defendant's obligation to investigate."). Moreover, Plaintiffs allegations regarding the alleged failure to investigate is conclusory and so cannot support a plausible claim. *See Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Finley v. TransUnion*, 2019 WL 935138, at *3 (N.D. Cal. Feb. 26, 2019) (dismissing FCRA claim where plaintiffs only made "conclusory restatements of the law, without any supporting facts"). Accordingly, Plaintiffs' fail to state a claim under FCRA Section 1681s-2(b).

Further, Section 1681e(b) requires Plaintiff to plead facts showing "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409 (4th Cir. 2001). In this case, the reporting agency would be Defendant TransUnion. Here, Plaintiffs make no allegations that Defendant TransUnion did not follow reasonable procedures; indeed, they make no allegations about Defendant TransUnion's procedures at all. Thus, Plaintiffs cannot rely on this FCRA subsection to state a claim. A claim under subsection 1681i also requires an allegation that Defendant TransUnion failed to follow reasonable procedures and, thus, Plaintiffs cannot state a claim under this provision for the same reason. *See Denton v. JPMorgan Chase & Co.*, 2020 WL 5909153, at *12-13 (E.D. Va. Oct. 6, 2020) (setting forth standard and dismissing claim where "Plaintiff never specifically alleges that Experian failed to conduct a reasonable investigation").

In sum, given Plaintiffs' failure to identify a specific provision of FCRA that Defendants violated and further failure to state a plausible claim for a violation of FCRA, this Court will

11

dismiss Plaintiffs' FCRA claims against Defendants.

### IV. CONCLUSION

In sum, Plaintiff's Complaint fails to state a claim for relief on all three counts alleged: defamation, breach of contract, and violation of FCRA.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Defendant Capital One's Motion to Dismiss (Dkt. 12) is GRANTED, and Defendant TransUnion's Motion for Judgment on the Pleadings (Dkt. 24) is GRANTED; and it is

FURTHER ORDERED that Plaintiffs' unrelated motions (Dkts. 11, 19, 20, 21, 35, 36, and 43)[8] are DENIED given this Court's Order; and it is

---

[8] The Court notes, in particular, that docket entry 11 was a motion for extension of time filed by Plaintiffs. Dkt. 11. At that time, however, there was no pending deadline to extend. The remaining motions for summary judgment, partial summary judgment, for a scheduling order, and for a temporary restraining order are all moot given this Court's disposition of the Motions to Dismiss and for Judgment on the Pleadings. The Court did review the Motion to Clarify and, to the extent Plaintiff intended to add factual allegations by way of this motion, they are not permitted to do so. *See Caballero v. Am. Mortg. Network*, 2011 WL 3440025, at *5 (E.D. Va. Aug. 8, 2011) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). Finally, to the extent that Plaintiffs move for alternative dispute resolution or a settlement conference, the Court will not require the parties to participate in a settlement conference before the assigned magistrate judge at this time. If the parties can agree, the parties are of course welcome to contact the chambers of the assigned magistrate judge to schedule a settlement conference.

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Plaintiff may file any Amended Complaint within THIRTY (30) DAYS of the entry of this Order in order to remedy the defects in the original Complaint as noted in this Order. If Plaintiffs fail to file an Amended Complaint by that date, Plaintiffs are warned that the Court will assume that Plaintiffs are foregoing their claims and will close this matter.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all parties of record.

It is SO ORDERED.

Alexandria, Virginia
February 5, 2025

_____/s/_____
Rossie D. Alston, Jr.
United States District Judge